**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**SEP 19 2025**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

CHANELL EASTON, AKA Chanell Bright, AKA Chanell Cheney,

        Defendant - Appellant.

No. 24-5316

D.C. No.
2:22-cr-00103-JAM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 17, 2025[**]
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.[***]

Chanell Easton appeals her conviction for aggravated identity theft under 18

U.S.C. § 1028A(a)(1). The district court had jurisdiction under 18 U.S.C. § 3231;

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

we have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction.

"We review the sufficiency of the evidence supporting a conviction de novo." *United States v. Stackhouse*, 105 F.4th 1193, 1198 (9th Cir 2024). "For a challenge to the sufficiency of the evidence following a bench trial, we review 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018)).

The Government presented sufficient evidence that Easton's unauthorized use of a pastor's name and credit card number was "at the crux of the criminality" of her predicate offense, wire fraud via unauthorized online shopping. *Dubin v. United States*, 599 U.S. 110, 127 (2023). [1] Easton did not engage in "garden-variety overbilling," benefitting unjustly from an authorized transaction, *Dubin*, 599 U.S. at 122, but made "fraudulent submission[s] out of whole cloth," *United States v. Harris*, 983 F.3d 1125, 1128 (9th Cir. 2020) (quotation omitted), using "another person's . . . credit card," *Dubin*, 599 U.S. at 122 (quotation omitted). Section 1028A applies to circumstances "where an individual grants the defendant permission to possess his or her means of identification, but the defendant then proceeds to use the identification unlawfully." *United States v. Osuna-Alvarez*, 788

---

[1] Contrary to Easton's arguments, *Dubin* did not overrule our circuit's precedents regarding § 1028A, but "cited [them] with approval." *United States v. Ovsepian*, 113 F.4th 1193, 1205 (9th Cir. 2024).

F.3d 1183, 1185 (9th Cir. 2015).  Easton was never authorized to use the credit card

and the pastor's name for personal online shopping.  Her previous authorization to

use the credit card for specific work-related purposes is irrelevant.

**AFFIRMED.**